IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) Civil Action No. 5:07-1321-MBS |
| Plaintiff, | ) ) |
| vs. | ) **O R D E R** |
| | ) |
| Christine G. Green; Allen Green; Eula Mae Williams, individually and as legal guardian of Raheem Schuler; Amanda Williams; Mary Elmore; Vincent Johnson; John Schuler; Brian Williams, Jr.; and Toro Davis, | ) ) ) ) ) ) |
| Defendants. | ) |

The case arises out of a collision between an automobile driven by Defendant Allen Green and an automobile driven by Defendant Eula Mae Williams on June 12, 2006, near Bowman, South Carolina. The vehicle driven by Defendant Allen Green was covered under an insurance policy ("the Policy") issued by Plaintiff State Farm Automobile Insurance Company ("State Farm"). Defendants Christine Green, Allen Green, Eula Mae Williams individually and as legal guardian of Raheem Schuler, Amanda Williams, Mary Elmore, Vincent Johnson, John Schuler, Brian Williams, Jr., and Toro Davis all claimed to have been injured in the collision. In addition, Defendant Allen Green claimed that the vehicle he was driving caught fire as a result of the accident.

State Farm alleges that the collision was staged with the knowledge and participation of all the Defendants, none of whom actually was injured. State Farm seeks a declaration to determine what coverage, if any, is owed Defendant Allen Green under the Policy.

The record reveals that each Defendant was properly served with a summons and complaint, and that none has answered or otherwise appeared in this action. Default was entered on July 17,

2007. State Farm thereafter moved pursuant to Fed. R. Civ. P. 55 for default judgment. The matter came before the court for a hearing on November 19, 2007.

At the hearing, the court heard testimony from Michael Hess, an investigator in the special investigative unit of State Farm in Charleston, South Carolina, as well as from Donald J. Roberts, an accident reconstruction expert in the offices of Engineering Design & Testing Corp. in Charleston, South Carolina. State Farm also placed into evidence the Uniform Traffic Collision Report for the accident giving rise to this case; a copy of a letter of attorney Van Taylor to State Farm of June 14, 2006; a copy of a letter of June 14, 2006 from Katherine Finley, claim representative of State Farm, to Defendant Allen Green; a copy of a transcribed statement of Defendant Allen Green taken by Katherine Finley on June 14, 2006; a copy of an e-mail from Brett Suiter of State Farm to David Miles of State Farm detailing the reasons for referral of the claim to the special investigative unit of State Farm; a copy of a letter of July 18, 2006 from Van Taylor to State Farm by which Van Taylor informed State Farm that he no longer represented the eight occupants of the two vehicles alleged to have collided on June 12, 2006; copies of eight letters of August 2, 2006 from Sherman Liddell to the eight claimants previously represented by Van Taylor, declining payment of their claims; a letter of attorney Kirk Horsley of Peake, Fowler & Associates, P.A. to Sherman Liddell of State Farm, dated August 4, 2006, confirming his representation of Defendants Eula Williams, Amanda Williams, Vincent Johnson, Mary Elmore, and Raheem Schuler; a letter of August 8, 2006, from Michael Hess of the special investigative unit of State Farm to Henry E. Grimball, requesting an examination under oath of Defendant Allen Green; a copy of a letter of August 11, 2006, from Henry E. Grimball to Defendant Allen Green setting up the examination under oath; a copy of a report of James I. Middleton of Engineering Design and Testing Corp. of September 13, 2006, on the cause and origin of the fire Defendant Allen Green claimed

began under the hood of his vehicle after the collision but which James Middleton, an expert in the cause and origin of fires, found to have begun within the passenger compartment; a copy of a letter of September 19, 2006, from Henry E. Grimball to Mike Ferguson of State Farm providing a legal opinion and advising that State Farm should bring a declaratory judgment action; a copy of a letter of May 29, 2007, from Henry E. Grimball to Kirk W. Horsley, notifying Attorney Horsley that Attorney Grimball represented State Farm and had filed a declaratory judgment action in this matter and providing Horsley with a copy of the Complaint and a subpoena for file records from Horsley; a copy of a letter of May 30, 2007, from Horsley's associate, Brian Dumas, to Henry E. Grimball, notifying Attorney Grimball that their office no longer represented any claimants; a copy of a report of Donald J. Roberts of Engineering Design and Testing Corp. to State Farm, dated October 19, 2006, in which report witness Roberts, an expert accident reconstructionist, advised that the accident could not have taken place as described by the two drivers, Defendants Allen Green and Eula Mae Williams, but that the Williams vehicle was stationary in the intersection at the time of the alleged impact; a Claim Committee Report of Michael Hess of State Farm; a certified copy of the State Farm policy insuring the vehicle driven by Defendant Allen Green at the time of the alleged incident.

The court has reviewed these exhibits carefully and considered the testimony of witnesses Hess and Roberts and makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. State Farm is an insurance company organized and existing under the laws of a state other than South Carolina, with its principal place of business in Bloomington, Illinois.

2. Defendants were at all times mentioned in this case citizens and residents of Orangeburg County, South Carolina, aside from Toro Davis, who is a citizen and resident of Dorchester

County, South Carolina.

3.  Venue is proper in the Orangeburg division of the United States District Court for the District of South Carolina because all but one Defendant reside in Orangeburg County and the accident giving rise to this action occurred in Orangeburg County.

4.  On June 12, 2006, at approximately 10:00 p.m., Allen Green was allegedly driving a 2005 Pontiac titled in the name of, and owned by, his mother, Christine G. Green, northbound on Two Church Road, headed toward its intersection with Holstein Road. Within his car were three passengers, the Defendants Toro Davis, Brian Williams, and John Schuler.

5.  At the same time and date, Eula Mae Williams was allegedly driving westbound on Ebenezer Road with the intention of proceeding through the intersection in question and passing to the west on Holstein Road. The remaining Defendants were occupants of the 1994 Pontiac driven by Eula Mae Williams.

6.  Eula Mae Williams and her passengers as well as Allen Green and his passengers claim that the two vehicles collided in the intersection in question. Allen Green claimed he approached the intersection at a speed of 40 miles per hour while Eula Mae Williams claiming she was traveling at a speed of between 30 and 35 miles per hour on impact.

7.  After the alleged collision, Allen Green's vehicle burned and was a total loss, the area where it burned being approximately twenty-three feet north of the northern curb line of Holstein Road where it is intersected by Two Church Road. Following the alleged impact, Eula Mae Williams' vehicle did not continue moving forward in a westerly direction but spun around and remained within the intersection. The front of Allen Green's vehicle did not show evidence of a shift of its components from right to left as would be expected if the accident occurred as described by Green and Williams.

8. None of the occupants of either vehicle was transported from the accident scene for medical attention.

9. On June 16, all of the occupants of both vehicles, including Allen Green, conferred with attorney Van Taylor at his office in North Charleston to discuss his representation of them for personally injury claims from the accident. He initially undertook the representation of all occupants except the Defendants Christine G. Green and Allen Green.

10. For reasons set forth in Brett Suiter's e-mail to David Miles of June 27, 2006, the claim was reassigned to Sherman Liddell of State Farm's special investigative unit, and he took statements from five claimants at Mr. Taylor's office on July 11, 2006. Thereafter, Attorney Taylor declined further representation, and representation of various claimants was then undertaken by Kirk W. Horsley of Peake, Fowler & Associates, PA, of Columbia, S.C.

11. Allen Green was at all times mentioned an insured under a State Farm automobile policy with a per accident liability limit of $30,000 along with $30,000 in underinsured motorist coverage and $25,000 in property damage coverage.

12. State Farm investigated the alleged accident and based on the evidence collected and submitted to this court, rightfully believed that the accident was staged with the knowledge and participation of all of the Defendants and the fire in Allen Green's Pontiac intentionally set in the passenger compartment.

## CONCLUSIONS OF LAW

1. This case was brought pursuant to the Uniform Declaratory Judgment Act codified under the South Carolina Code of Laws at §§ 15-53-10 et seq. and also pursuant to the Federal Declaratory Judgment Act, codified in 28 U.S.C. § 2201 to determine what coverage, if any, was owed by State Farm to Defendant Allen Green under the aforesaid policy.

2. There is complete diversity between State Farm, and all Defendants, and State Farm confronted eight claims with $30,000 in liability coverage, $30,000 in underinsured motorist coverage, and $25,000 in property damage coverage, thereby satisfying the jurisdictional monetary requirement for diversity jurisdiction. This Court has jurisdiction over this matter under 28 U.S.C. § 1332. Venue is proper in this District under 28 U.S.C. § 1391(a)(c).

3. "A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Felts v. Richland County*, 400 S.E.2d 781, 782 (S.C. 1991).

4. The issue here involves whether personal injury and property damage liability coverage is available to Defendant Allen Green under the State Farm policy insuring him at the time of the accident in question. "An action to determine coverage under an insurance policy is an action at law." *South Carolina Farm Bur. Mut. Ins. Co. v. Wilson*, 544 S.E.2d 848, 849 (S.C. Ct. App. 2001).

5. The State Farm policy insuring Defendant Allen Green on June 12, 2006, provides that there is no coverage if the insured makes false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under the policy.

6. In a non-jury action of this kind and at law, it is appropriate for this Court to make findings of fact as well as conclusions of law. *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292 (S.C. 1996).

7. The court should determine whether there is evidence that reasonably supports State Farm's position and then render a judgment provided it does not commit some error of law leading to an erroneous conclusion. *Noisette v. Ismail*, 403 S.E.2d 122 (S.C. 1991).

8. Fed. R. Civ. P. 55(b)(2) permits the court to enter a default judgment and permits it to

conduct hearings when, to enter or effectuate a judgment, it believes it needs to establish the truth of allegations by evidence.

9. State Farm, requesting the default judgment, has the burden of showing the following: (a) when and against what party the default was entered; (b) identification of the pleadings to which default was entered; (c) whether the defaulting party is an infant or incompetent person; (d) that the defaulting party is not in the military service; (e) that notice has been served on any defaulting party if that party has appeared personally or by a representative.

10. In reviewing the file in this case, the court finds that State Farm has properly served all Defendants against whom default has been entered, and that the pleading to which default was entered was the Summons and Complaint in this case.

11. The court further finds that none of the Defendants is an infant, incompetent person or is serving in the military, with the exception of Defendant Raheem Schuler, who is a minor; and that no Defendant has appeared personally or by a representative.

12. The court, having reviewed the evidence set forth hereinabove, finds that a default judgment is warranted and appropriate as to Defendants Christine G. Green, Allen Green, Eula Mae Williams, Amanda Williams, Mary Elmore, Vincent Johnson, John Schuler, Brian Williams, Jr., and Toro Davis, Defendants having completely failed to defend the case. See *Trustees of Bricklayer and Stonemasons Local Number 2 Welfare Fund v. Hudgins*, 2007 WL 1825496 (E.D. Va. 2007).

13. As to the minor Defendant, Raheem Schuler, Fed. R. Civ. P. 55(b)(2) provides that no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. No such representative having appeared on behalf

7

of the minor Defendant, the court, on motion of State Farm, hereby dismisses the minor Defendant, Raheem Schuler, without prejudice.

14. The court concludes first, that the alleged accident was staged; second, that the fire in the vehicle driven by Defendant Allen Green was intentionally set by him or in his presence; third, Defendant Allen Green made false statements to State Farm with the intent to conceal and/or misrepresent material facts and circumstances in connection with personal injury and property damage claims under the policy; and fourth, State Farm therefore owes no coverage to Defendants Christine G. Green, Allen Green, Eula Mae Williams, Amanda Williams, Mary Elmore, Vincent Johnson, John Schuler, Brian Williams, Jr., and/or Toro Davis Allen Green under the policy in question.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
United States District Judge

Columbia, South Carolina

November 27, 2007